# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff(s),<br>v.<br>NOUR BITAR,<br>    Defendant(s). | Case No. 2:23-cr-00108-CDS-NJK<br><br>**ORDER**<br>[Docket No. 3] |

Pending before the Court is a stipulated protective order. Docket No. 3. The stipulation indicates that protection from third-party access is necessary given the existence of non-party personal identifying information within the discovery documents and the protective order would provide access to those documents to a limited array of people, including Defendant. For the reasons discussed below, the stipulation is **DENIED** without prejudice.

First, the docket reflects that a plea agreement already exists, Docket No. 1, such that it is unclear why discovery is being exchanged.

Second, at any rate, it is not clear that a protective order is appropriate. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). As the word "may" connotes, the conditions under which the defense may obtain discovery is subject to wide judicial discretion. *E.g.*, *in re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 122 (2d Cir. 2008). The stipulation fails to explain as a threshold matter why the personal identifying information must be disclosed, rather than the Government redacting such information before exchanging the subject documents. *Cf. United States v. Amaralaborde*, 2017 U.S. Dist. Lexis 70694, at *2 (D. Nev. May 9, 2017)

(rejecting argument that redaction of personal identifying information was not feasible for 700 pages of discovery).

Third, in determining whether a protective order should enter and the appropriate terms of any such protective order, the Court must be mindful of other applicable requirements such as the right of crime victims to be reasonably protected from the accused. *Amaralaborde*, 2017 U.S. Dist. Lexis 70694, at *2 (addressing the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(1)). Courts have found it particularly problematic to allow defendants accused of financial crimes misusing personal identifiers to have unrestricted access to documents that include those same personal identifiers. *Id.* (citing *United States v. Griffin*, 2014 WL 1767201, at *1-2 (S.D. Miss. May 2, 2014)). The proposed protective order would allow the subject documents to be provided to Defendant himself, but it has not sufficiently explained why it would be appropriate to do so. *Cf. id.* (permitting the defendant to review documents only in the presence of defense counsel).[1]

Fourth, sufficient explanation has not been provided as to why tax return information is properly disclosed pursuant to 26 U.S.C. § 6103(h)(4). *See* Docket No. 3 at 2.[2]

Accordingly, the stipulated protective order is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: June 16, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The charge(s) against Defendant do not currently appear on the docket. Given the nature of the documents at issue, however, it seems likely that the crimes charged involve misuse of personal identifying information. *See, e.g.*, Docket No. 3 at 1-2. If that is not the case, the parties can so explain in any renewed filing.

[2] The stipulation merely cites Section 6103(h)(4)(A)-(D) without any specific articulation as to how any of those subsections are implicated here. Docket No. 3 at 2. Two of the cited subsections ((A) and (D)) appear inapplicable on their face.